UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Yiwu Mode E-Commerce Co Ltd., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 1:24-cv-00683 |
| v. ) | |
| ) | Dist. Judge Lindsay C. Jenkins |
| The Individuals, Partnerships, and ) | |
| Unincorporated Associations Identified on ) | Mag. Judge Jeffrey Cole |
| Schedule A, ) | |
| Defendants. ) | |

**Plaintiff's Motion for Entry of Default and Default Judgment**

**NOW COMES** Yiwu Mode E-Commerce Co Ltd. ("Plaintiff"), by and through its undersigned counsel, and hereby moves for entry of default and default judgment against the remaining and non-excepted defendants in the case who are not exempted as described herein (collectively, the "Defaulting Defendants"), based on Plaintiff's action for patent infringement.

**I. Statement of Facts**

Plaintiff specializes in the creation, manufacture, marketing and sale of consumer products, including, inter alia, plush toys (collectively, the "Plaintiff Products"). [Dkt. 1 ¶ 7]. Plaintiff is the owner of a certain ornamental design, covered under U.S. Patent Number D981,507 (the "Plaintiff Design"), and distributes and sells products bearing the Plaintiff Design throughout the United States, including Illinois. [Dkts. 2, 1 ¶ 8]. Additional factual assertions regarding Plaintiff in the Complaint are incorporated herein. Id. at ¶¶ 7-9.

The Defaulting Defendants conduct business throughout the United States, including within the State of Illinois and this Judicial District, through the operation of the fully interactive, commercial online marketplaces operating under the online storefronts as identified in Schedule A (the "Defendant Online Stores"). Id. at ¶¶ 5 20. Each Defaulting Defendant targets the United

States, including Illinois, and has offered to sell and, on information and belief, has sold and continues to sell unauthorized and unlicensed products using the registered Plaintiff Design (the "Infringing Products") to consumers within the United States, including the State of Illinois and this Judicial District. Id. Additional factual assertions regarding Defaulting Defendants in the Complaint are incorporated herein. Id. at ¶¶ 10-31.

Plaintiff filed this action on January 26, 2024, alleging patent infringement under 35 U.S.C. § 271. [Dkt. 1]. On February 1, 2024, this Court granted Plaintiff's *Ex Parte* Motion for Entry of a temporary Restraining Order (the "TRO") and subsequently converted the TRO [Dkt. 10] into a Preliminary Injunction on March 13, 2024. [Dkt. 22]. Paragraph 7 of the TRO and Paragraph 7 of the Preliminary Injunction Order permitted Plaintiff to complete service of process to Defendants by electronically publishing a link to the relevant documentation on a website and sending an email to the email addresses provided for Defendants by third-parties. The Defaulting Defendants were properly served with process on March 5, 2024, [Dkt. 17] and July 22, 2024 [Dkt. 50], and none of the Defaulting Defendants have filed an answer or otherwise pled in this action. *See*, Declaration of Adam E. Urbanczyk (the "Urbanczyk Declaration") at ¶ 2.

Plaintiff now moves this Court for an Order entering default and default judgment finding that Defaulting Defendants are liable on Count I of Plaintiff's Complaint. Fed. R. Civ. P. 55(a), (b)(2). Plaintiff further seeks an award of damages as authorized by 35 U.S.C. § 289 and a permanent injunction against each of the Defaulting Defendants for their infringement of the Plaintiff Design through products sold through each of the Defendant Online Stores.

## II. Argument

### a. Jurisdiction and venue are proper in this Court.

This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the U.S. Patent Act, 35 U.S.C. § 101, *et seq.* and 28 U.S.C. §§ 1331, 1338(a)-

(b). Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defaulting Defendants since each of the Defendants directly target business activities toward consumers in Illinois and causes harm to Plaintiff's business with this Judicial District. *See*, [Dkt. 1 at ¶ 8]; uBID, Inc. v. GoDaddy Grp., Inc., 623 F.3d 421, 423-24 (7th Cir. 2010) ("without benefit of an evidentiary hearing, the plaintiff bears only the burden of making a prima facie case for personal jurisdiction" and all of plaintiff's asserted facts should be accepted as true and any factual determinations should be resolved in its favor).

Through at least the fully interactive, commercial online marketplaces accounts operating under the Defendant Online Stores, each of the Defaulting Defendants have targeted sales to Illinois residents by operating online storefronts which offer shipping to the United States, including within Illinois and this judicial district, offered to accept payment in U.S. dollars, and offered for sale and/or sold infringing products bearing the Plaintiff Design to residents of Illinois. [Dkt. 1 at ¶¶ 5, 8]. Personal jurisdiction exists over the Defaulting Defendants because they directly target their business activities toward consumers in the United States, including Illinois. Specifically, Defaulting Defendants are reaching out to do business with Illinois residents by operating one or more commercial, interactive Defendant Online Stores through which Illinois residents can purchase infringing products being offered and sold bearing the Plaintiff Design. *See*, uBID, Inc., 623 F.3d at 423-24; *See*, Monster Energy Co. v. Wensheng, 136 F. Supp. 3d 897, 907 (N.D. Ill. 2015); Deckers Outdoor Corp. v. Does 1-55, 2011 WL 4929036, at *3 (N.D. Ill. Oct. 14, 2011).

### b. Plaintiff has met the requirements for entry of default.

Under Federal rules, "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). On January 26, 2024, Plaintiff filed its Complaint alleging federal patent infringement under 15 U.S.C. § 271. [Dkt. 1]. The Defaulting

Defendants were all served with process in accordance with the TRO and preliminary injunction. [Dkts. 17, 50]. Despite having been served with process, none of the Defaulting Defendants have filed an answer or otherwise pled in this action. Urbanczyk Decl. at ¶ 2. Upon information and belief, the Defaulting Defendants are not active-duty members of the U.S. armed forces. Urbanczyk Decl. at ¶ 3. Accordingly, Plaintiff asks for entry of default against the Defaulting Defendants pursuant to Fed. R. Civ. P. 55(a).

### c. Plaintiff has met the requirements for entry of default judgment.

Rule 55(b)(2) of the Federal Rules of Civil Procedure provides for a court-ordered default judgment. A default judgment establishes, as a matter of law, that the Defaulting Defendants are liable to Plaintiff on each cause of action alleged in the Complaint. Deckers Outdoor Corp., 2011 WL 4929036, at *2, *citing*, United States v. Di Mucci, 879 F.2d 1488, 1497 (7th Cir. 1989). When the Court determines that a defendant is in default, the factual allegations of the complaint are taken as true and may not be challenged, and the defendants are liable as a matter of law as to each cause of action alleged in the complaint. Black v. Lane, 22 F.3d 1395, 1399 (7th Cir. 1994).

As noted above, Plaintiff served the Complaint on the Defaulting Defendants on either March 5, 2024, [Dkt. 17] or July 22, 2024 [Dkt. 50]. More than twenty-one (21) days have passed since each of the Defaulting Defendants was served, and no answer or other responsive pleading has been filed by any of the Defaulting Defendants as required under federal rules. Fed. R. Civ. P. 12(a)(1)(A)(i). Default judgment is therefore appropriate, and under 35 U.S.C. § 289, Plaintiff requests an award of Defaulting Defendants' profits resulting from Defaulting Defendants' unauthorized use and infringement of the Plaintiff Design on products sold through their e-commerce stores. Plaintiff also seeks entry of a permanent injunction prohibiting Defaulting Defendants from making, using, offering for sale, selling, and importing infringing products and an

order that all assets in Defaulting Defendants' financial accounts, including those operated by any third-party [platforms, and any newly identified accounts be transferred to Plaintiff.

Federal law provides that "whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent." 35 U.S.C. § 271(a). Plaintiff alleged in its Complaint that Plaintiff owns Plaintiff Design. [Dkt. 1 ¶ 2]. Plaintiff has also alleged that Defaulting Defendants make, use, offer for sale, sell, and/or import into the United States for subsequent sale or use products that infringe directly and/or indirectly the ornamental designs claimed in the Plaintiff Design. Id. at ¶¶ 32 - 35. Finally, Plaintiff alleged that Plaintiff has not licensed or authorized Defaulting Defendants to use the Plaintiff Design, and none of the Defaulting Defendants are authorized retailers of genuine Plaintiff Products. [Dkt. 1 ¶ 21].

Because the Defaulting Defendants have failed to answer or otherwise plead in this matter, the Court must accept the allegations contained in Plaintiff's Complaint as true. *See*, Fed. R. Civ. P. 8(b)(6); Am. Taxi Dispatch, Inc., v. Am. Metro Taxi & Limo Co., 582 F. Supp. 2d 999, 1004 (N.D. Ill. 2008). Accordingly, Plaintiff requests entry of judgment with respect to Counts I for patent infringement against the Defaulting Defendants.

### d. Plaintiff is entitled to Default Defendants' profits, but not less than $250 pursuant to 35 U.S.C. § 289.

For its design patent infringement claim, Plaintiff may recover the total profits made by the Default Defendants. The Patent Act provides that "[w]hoever during the term of a patent for a design, without license of the owner, (1) applies the patented design, or any colorable imitation thereof, to any article of manufacture for the purpose of sale, or (2) sells or exposes for sale any article of manufacture to which such design or colorable imitation has been applied shall be liable to the owner to the extent of his total profit, but not less than $250…." 35 U.S.C. § 289.

Determining an award under Section 289 involves two steps: "First, identify the 'article of manufacture' to which the infringed design has been applied. Second, calculate the infringer's total profit made on that article of manufacture." Samsung Elecs. Co. v. Apple, Inc., 137 S. Ct. 429, 434 (2016). The plaintiff has the initial burden to show the article of manufacture and the defendant's total profit on that article. *See*, Nordock, Inc. v. Sys., Inc., No. 11-CV-118, at *7-8 (E.D. Wis. Nov. 21, 2017). However, if the defendant believes that the article of manufacture is different, it has the burden to produce evidence showing the article of manufacture. Id. The defendant also has the burden to produce evidence as to any deductions from the total profit identified by plaintiff. Id. Within the trademark context, at least, the Supreme Court has made it clear that:

> The burden is the infringer's to prove that his infringement had no cash value in sales made by him. If he does not do so, the profits made on sales of goods bearing the infringing mark properly belong to the owner of the mark. There may well be a windfall to the [trademark] owner where it is impossible to isolate the profits which are attributable to the use of the infringing mark. But to hold otherwise would give the windfall to the wrongdoer.

WMS Gaming, Inc. v. WPC Prods. Ltd., 542 F.3d 601, 608 (7th Cir. 2008), *citing*, Mishawaka Rubber & Woolen Mfg. Co. v. S.S. Kresge Co., 316 U.S. 203, 206-07 (1942). Similarly, for patents, "[a]lthough § 289 does not explicitly impose any burden on the defendant, this shift in the burden of production is consistent with the disgorgement of profits in other contexts." Nordock, No. 11-CV-118, at *7.

"[Patent holders] are entitled to an award best approximating their actual loss, and the infringers must bear the burden of uncertainty." In re Mahurkar Double Lumen Hemodialysis Catheter Patent Litigation, 831 F. Supp. 1354, 1388 (N.D. Ill. 1993) (citations omitted).

In cases where defendants have failed to produce documents to characterize revenue, courts

have entered a profits award for the entire revenue amount. *See*, WMS Gaming ("[t]he burden was therefore on PartyGaming to show that certain portions of its revenues…were not obtained through its infringement of WMS's marks."); Chloe v. Zarafshan, 2009 WL 2956827, at *6 (S.D.N.Y. Sept. 15, 2009) (entering profits award for the entire revenue amount in trademark infringement case even though Plaintiff's records offered "no guidance as to how much of this revenue stream related to [Plaintiff's] products [as opposed to other products not at issue in this case] or as to the costs incurred in acquiring and selling these products.").

Normally, it is the infringer who bears the burden of "offering a fair and acceptable formula for allocating a given portion of overhead to the particular infringing items in issue." Deckers Outdoor Corp. v. ShoeScandal.com, LLC, 2013 WL 6185203, at *2 (C.D. Cal. Nov. 25, 2013), *citing*, Sunbeam Prods., Inc. v. Wing Shing Prods. (BVI) Ltd., 311 B.R. 378, 401 (S.D.N.Y. 2004) aff'd, 153 F. App'x 703 (Fed. Cir. 2005). "But if the infringer has failed to produce any evidence…the Court must determine the costs to be subtracted from revenue based on the evidence it has to determine profits." *See*, Nike, Inc. v. Wal-Mart Stores, Inc., 138 F.3d 1437, 1447 (Fed. Cir. 1998).

Here, the Plaintiff Design claims "[t]he ornamental design for a toy dinosaur." [Dkt. 2]. In the case of designs for a single-component product, such as the Plaintiff Design, the "product is the article of manufacture to which the design has been applied." Samsung Elecs. Co. v. Apple, Inc., 137 S. Ct. at 367. As such, the relevant article of manufacture is each of the infringing products sold by Defaulting Defendants.

Since Defaulting Defendants have chosen not to participate in these proceedings, Plaintiff has limited available information regarding Defaulting Defendants' profits from the sale of infringing products. Defaulting Defendants have failed to appear in this matter and have not produced any documents or information: (1) characterizing each of the transactions in their financial accounts, (2) other accepted payment methods; or (3) other Internet stores that they may be

operating. As such, Defaulting Defendants have not met their burden to apportion gross receipts between infringing and non-infringing product sales, or to show any deductions. WMS Gaming; Nordock.

Since Defaulting Defendants have not met their burden of apportioning gross sales or showing any deductions, the Court should award the greater of the amount restrained or $250.00 for each Defaulting Defendant. Id.; 35 U.S.C. § 289. The limited information provided by the Third Party Platforms for Defaulting Defendants indicates that the sales from Defaulting Defendants' known infringing activities currently ranges from $0 - $100,641.3. Urbanczyk Declaration at ¶ 4. A breakdown by Defaulting Defendant of the known infringing sales and Plaintiff's requested profit award under 35 U.S.C. § 289 is provided in the chart in Paragraph 5 of the Urbanczyk Declaration. Id. at ¶ 5.

### e. Plaintiff is entitled to permanent injunctive relief.

Plaintiff respectfully requests entry of a permanent injunction enjoining Defaulting Defendants from infringing or otherwise violating Plaintiff's rights in the Plaintiff Design. Plaintiff is also entitled to injunctive relief so it can quickly take action against any new ecommerce stores that are identified, found to be linked to Defaulting Defendants, and selling infringing products. *See, e.g.*, Tuf-Tite, Inc. v. Fed. Package Networks, Inc., 2014 WL 6613116, at *10 (N.D. Ill. Nov. 21, 2014); Scholle Corp. v. Rapak LLC, 35 F. Supp. 3d 1005, 1009 (N.D. Ill. 2014); Nike, Inc. v. Fujian Bestwinn Industry Co., Ltd., 166 F. Supp. 3d 1177, 1178-79 (D. Nev. 2016).

## III. Conclusion

Plaintiff respectfully requests that the Court enter default and default judgment against each Defaulting Defendant, including a corresponding award under 35 U.S.C. § 289 against each Defaulting Defendant and a permanent injunction order prohibiting Defaulting Defendants from selling infringing products, and transferring all assets in Defaulting Defendants' financial accounts,

including those operated by the Third Party Platforms, to Plaintiff to satisfy the damages awarded thereto.

Dated: August 29, 2024

    Respectfully Submitted

    /s/Adam E. Urbanczyk
    Adam E. Urbanczyk
    AU LLC
    444 W. Lake St. 17 Floor
    Chicago, IL 60606
    (312) 715-7312
    adamu@au-llc.com
    *Counsel for Plaintiff*